IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

**August 31, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MARY LONGWORTH and | ) | LOUDON COUNTY |
| LUCY LONGWORTH | ) | 03A01-9709-CV-00388 |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | HON. RUSSELL E. SIMMONS, JR., |
| v. | ) | JUDGE |
| | ) | |
| | ) | |
| SHARON A. NUNEZ, a/k/a SHARON | ) | |
| BENNETT, JERRY BENNETT, and | ) | |
| ROCKY TOP MOTORS | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

JOSEPH B. YANCEY and MICHAEL F. SIMPSON OF KNOXVILLE FOR
APPELLANTS

STEPHANIE A. WALSH OF KNOXVILLE FOR APPELLEE ROCKY TOP MOTORS

O P I N I O N

Goddard, P.J.

In this appeal Plaintiffs Mary Longworth and Lucy
Longworth insist the Trial Court erroneously granted summary
judgment dismissing their suit against Rocky Top Motors in which
they sought damages for personal injuries as a result of an
automobile accident.

The predicate for their suit against Rocky Top is that it was the owner of a vehicle which struck the vehicle in which they were passengers and that it had negligently entrusted the automobile to Sharon A. Nunez, wife of Jerry Bennett, an employee of Rocky Top. The Plaintiffs' appeal insists that, contrary to the Trial Court's findings, there is a material dispute as to the ownership of the vehicle operated by Ms. Nunez.

Although the Plaintiffs purport to pursue a Rule 9 appeal, they did not take proper steps to perfect such an appeal. We have, however, determined that in the interest of judicial economy it is appropriate that the case against Rocky Top be resolved at this time, and believe it more appropriate to treat this as an appeal under the provisions of Rule 54 of the Tennessee Rules of Civil Procedure.

The accident occurred on April 14, 1995, when the vehicle in which the Plaintiffs were riding were struck by one being operated by Sharon A. Nunez. Rocky Top filed a motion for summary judgment which contends that the automobile being operated by Ms. Nunez had been sold to her husband on the preceding March 24.

We find no material dispute as to the ownership of the vehicle on the date of the accident. The testimony of Mr. Bennett as well as Ronald Carter, Secretary and Treasurer of Rocky Top, confirmed that the automobile was sold on March 24,

2

1995, to Mr. Bennett. In addition, almost all[1] of the instruments in connection with the sale of the vehicle are dated March 24. The certificate of title states the date acquired as March 24, 1995, and the date the title was issued as May 4, 1995. The vehicle being operated by Ms. Nunez did not have a dealer's license plate, but a temporary tag[2] which is issued when an automobile is sold to enable the purchaser to operate it until a permanent license is obtained.

Our review of the record persuades us that this is an appropriate case for affirmance under Rule 10(a) of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiffs and their surety.

_____
Houston M. Goddard, P.J.

---

[1] A retail installment contract incident to the sale is dated April 4, 1995.

[2] This tag expired after 14 days, which was before the date of the accident. However, we do not consider this fact of any consequence.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.